JOHN E. KUHN, JR.
United States Attorney

JONAS WALKER
CHARISSE ARCE
STEVEN E. SKROCKI
Assistant United States Attorneys
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: jonas.walker@usdoj.gov
         charisse.arce@usdoj.gov
         steve.skrocki@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:22-cr-3-SLG-KFR |
| Plaintiff, | ) | |
| vs. | ) | |
| NATHAN CARL MEISNER, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT REGARDING ORDER AT DOCKET 6**

The United States and the defense jointly respond to the Order at Docket 6.[1] On March 2, 2022, defense counsel, Mr. Steve Wells, consented to the filing of this response.

---

[1] KFR TEXT ORDER as to Nathan Carl Meisner: The plea agreement filed at Docket 3 consents to a potential plea before the Magistrate Court, with a report and recommendation to be filed with the District Court and the preparation of a presentence investigation report, both of which the agreement permits the parties to file objections to. Under the express language of the plea agreement, such a procedure would require sentencing by the District Court following acceptance

Per the Order at Dkt. 6, the parties have conferred, and report as follows:

First, Federal Rule of Criminal Procedure 32(c) does require a presentence investigation. The parties acknowledge that Section F of the Plea Agreement (Dkt. 3 at 16-17) refers to objections being referred to the District Court Judge. However, Rule 32 does not distinguish between Magistrate Judges and District Court Judges regarding the presentence report. Accordingly, the parties agree that the Magistrate Judge may perform all roles contemplated by Rule 32, and jointly move the Court to proceed accordingly. To the extent that this agreement constitutes an amendment to the Plea Agreement, the Defendant will affirm his consent to the amendment in open court prior to pleading guilty.

Second, pursuant to 28 U.S.C. § 636, the parties consent to the Magistrate Judge entering a sentence for the sole count charged in the Information, which is a class A misdemeanor. Per Section G of the Plea Agreement (Dkt. 3 at 18), the parties recommend that this case be resolved at one consolidated hearing, at which the Magistrate Judge will conduct arraignment, consider accepting a guilty plea, and, if the Court does accept the guilty plea, immediately impose sentence. This maximizes efficiency for the parties and Court. In order to accomplish this expedited procedure, however, it would be necessary for

---

of the plea on a date no earlier than seven days after the entry of a guilty plea. However, the plea agreement also states that the parties consent to the Magistrate Judge arraigning the defendant, taking his misdemeanor plea, and imposing sentence at one consolidated [remote] hearing. Given the conflict between these two provisions, the parties are directed to meet and confer and to file a joint status report no later than Noon on March 4, 2022, clarifying how the parties wish to proceed with the change of plea and sentencing in this case. (ELH, CHAMBERS STAFF)

the Court to order a presentence report prior to arraignment. The parties consent to such an order.

Alternatively, however, if the Court would prefer, in an abundance of caution, to order a presentence report only after the Defendant pleads guilty, then the parties would, also, consent to the Court conducting an arraignment before ordering a presentence report.

RESPECTFULLY SUBMITTED March 2, 2022, in Anchorage, Alaska.

JOHN E. KUHN, JR.
United States Attorney

s/ Jonas M. Walker
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2022, a true and correct copy of the foregoing was served electronically on the following:

Steve Wells

s/ Jonas M. Walker
Office of the U.S. Attorney