Steven M. Wells
Steven M. Wells, P.C.
431 W. 7th Ave.
Ste. 107
Anchorage, AK  99501
(907)279-3557
(907)279-3558 fax
steve@alaskalegaldefense.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| United States of America,<br><br>　　Plaintiff,<br><br>　v.<br><br>Nathan Meisner,<br><br>　　Defendant. | Case No. 3:22-cr-003-SLG<br><br>Sentencing Memorandum |

　　Nathan Meisner, through his counsel of record, hereby files the attached sentencing memorandum. The parties have agreed to jointly recommend the following sentence:

| | |
|---|---|
| Incarceration Time: | None |
| Probation: | 2 years |
| Fine: | $2,000 |

Mr. Meisner would be subject to three (3) special conditions as a term of his probation: he is not to seek a license to import any fish or wildlife that would require a CITES permit; he is not to import any fish or wildlife that would require a CITES permit; and he is to post a note on his personal or professional FaceBook page as detailed on pages 10 and 11 of his plea agreement [Docket 3].

1. Guideline Calculation

Mr. Meisner has no objection to the Guideline calculation from the Pre-Sentence Report. This results in a Guideline level of 6 and Criminal History category I with a sentencing range of 0-6 months.

2. § 3553 Factors

Pursuant to 18 U.S.C. §3553(a), this court is to impose a sentence that is "sufficient but not greater than necessary." Several §3553(a) factors support the parties' joint recommendation.

2.1 The Guidelines Recommend This Sentence

Because this is a misdemeanor, the Guidelines themselves advise. a range of 0-6 months.

2.2 Mr. Meisner Has No Criminal History

Mr. Meisner has no prior criminal history. Numerous courts have held that having no criminal history is a valid reason to depart downward.[1] While the recommended

---

[1] See *U.S. v. Paul*, 2007 WL 2384234 (9th Cir. 2007)(unpub.)(guideline sentence of 16 months (high end of guidelines) for taking government money was unreasonably high because defendant had no criminal record at all); *U.S. v. Baker*, 445 F.3d 987 (7th Cir. 2006)(affirming below guideline sentence of 78 months because a prison term would mean more to the defendant than someone who had previously been convicted in line with§3553;s requirement that the sentence be "just punishment" and "adequate deterrence"); *U.S. v. Santoya*, 493 F.Supp.2d 1075 (E.D.Wisc. 2007)(upholding below guideline sentence in part because a longer

sentence of zero months is not a departure, it is the low end of the Guideline range. If a defendant's lack of criminal history is a legitimate reason to give a lower than Guideline sentence, it is also a reason to give a sentence at the low end of the Guidelines.

2.3 THE PROBATION OFFICER CONCURS WITH THE JOINT RECOMMENDATION

The probation officer has prepared a pre-sentence report per this court's order. It is significant when a probation officer recommends a probationary sentence and courts have relied upon that to justify a probationary sentence.[2]

2.4 MR. MEISNER'S OTHERWISE GOOD CHARACTER

Mr. Meisner is a well-decorated combat veteran who for years has, despite disabilities resulting from a car-accident, demonstrated his good character. He has cared for his wife and children and, aside from this incident, been an exemplary citizen. The Ninth Circuit has held that a defendant's good character can be grounds to justify a lower sentence.[3]

---

prison sentence is not necessary to deter someone who had not previously served any jail time); *U.S. v. Willis*, 479 F.Supp.2d 927 (E.D.Wisc. 2007)(upholding sentence of one year and a day in a drug case even though guideline called for 120 month sentence (statutory maximum was 60 months) because defendant had never been in trouble before); *U.S. v. Qualls*, 373 F.Supp. 2d 873, 877 (E.D.Wisc. 2005)("Generally, a lesser period of imprisonment is required to deter a defendant not previous subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend.").

[2] *U.S. v. Hein,* 463 F.Supp.2d 940 (E.D. Wisc. Nov. 22, 2006) (where defendant convicted of being felon in possession of ammunition, the guideline term of 12-18 is "greater than necessary to satisfy the purposes of sentencing" in part because the probation office recommended probation because judge "took into account the recommendation of the probation office that [the court] place defendant on probation for two years, with no form of confinement. In [the court's] experience in post-*Booker* cases, such recommendations are quite rare").

[3] *U.S. v. Autery,* 555 F.3d 864, 874 (9th Cir. 2009) (where defendant convicted of poss. of porn. and where guidelines 41-51 months, court's sua sponte variance to probation was reasonable in part because of his positive characteristics "such as his having no history of substance abuse, no interpersonal instability, no sociopathic or criminalistic attitude , his motivation and intelligence, and he support of his wife and child" These characteristics "'undoubtedly constitute 'history and characteristic of the defendant' that justify a variance below the guidelines").

*United States v. Meisner*
Case No. 3:22-cr-003-SLG
Sentencing Memorandum
Page 3 of 6

## 2.5 Mr. Meisner's Offense Was The Result of A Bad Mistake and Poor Judgment

This case, while a misdemeanor, is nonetheless a serious case. And Mr. Meisner accepts that it is a serious case. It is important to protect endangered species no matter what they are, be they cute-looking owls or relatively obscure corals.

However, this case results more from Mr. Meisner's bad mistake and poor judgment than from a depraved and malicious heart. The Sixth Circuit has recognized that a conviction for conduct that stems from a bad mistake or poor judgment should receive a lower punishment than conduct that is more in the heartland of offense conduct.[4]

## 2.6 Mr. Meisner Is A Well-Decorated Combat Veteran

Numerous courts have departed downward out of respect for a defendant's military record.[5] Downward departures for extraordinary military service were granted even pre-*Booker*.[6]

---

[4] *U.S. v. Kathman*, 490 F.3d 520 (6th Cir. 2007) (where D pled guilty (under *Alford*) to involuntary manslaughter arising from drunk driving killing 2 of his passengers, and where guideline range 42-51 months district court's sentence of 24 months proper in part because driving was not as reckless as in other cases and because defendant was "a law abiding fine young man who made a bad mistake on this evening and used poor judgment ..he was a high school athlete, worked to pay his way through college ...and described by friends as responsible, honest, caring, hard-working, and trustworthy."

[5] *Porter v. McCollom*, 558 U.S. __ , 130 S.Ct. 447 ( 2009) ("Our Nation has a long tradition of according leniency to veterans in recognition of their service, especially for those who fought on the front lines as Porter did"); *Kimbrough v. U.S.,* 552 U.S. 85 (2007) (in case of consp. to distribute crack and use of gun, district court not unreasonable in giving below guideline sentence to mandatory minimum of 15 years where courted noted that defendant "had served in combat during Operation desert Storm and received an honorable discharge from the Marine Corps"); *U.S. v. Howe*, 543 F.3d 128 (3rd Cir. 2008) (where defendant convicted of mail fraud with loss of $150,000 and guidelines 18-24 months, sentence of probation with 3 months home detention not unreasonable in part because of Howe's twenty years of military service followed by honorable discharge.).

[6] *U.S. v. Chapman*, 209 Fed. Appx. 3 (1st Cir. 2006) (40-month sentence, a reduction from the guideline range of 70-87 months, for illegal reentry offense was not unreasonable where the district court considered, among other things, defendant's military service); *U.S. v. Pipich*, 688 F. Supp. 191 (D.Md. 1988) (where D convicted of mail theft extraordinary military record warrants departure to probation. Defendant was in Marines from 1968 to and served in combat in Vietnam for one year He received over 45 awards of the Air Medal, including one special award for heroism in connection with the extraction of a reconnaissance team that was surrounded by North Vietnamese forces. The defendant was awarded the Purple Heart twice. He was also the recipient of several Vietnamese awards); *U.S. v. McCaleb*, 908 F.2d 176 (7th Cir. 1990) (departure for military service might be warranted under some circumstances, but not here); *U.S. v. Neil*, 903 F.2d 564, 566 (8th Cir. 1990) (military service might warrant departure in some cases, but not here).

Mr. Meisner's lengthy and commendable military service was well-documented in the pre-sentence report.[7] He served for almost eight years, retiring because of a medical disability. While service, he earned: a Commendation Medal, an Achievement Medal, two Good Conduct Medals, a National Defense Service Medal, a Global War on Terrorism Expeditionary Medal, a Global War on Terrorism Service Medal, an Iraqi Campaign Medal with a Campaign Star, and a Service Ribbon. His lengthy service, cut short because of an automobile accident, and his plethora of service medals all justify a probationary sentence.

3. Conclusion

The parties jointly agree to recommend that Mr. Meisner receive a probationary sentence with a small fine. Mr. Meisner has provided numerous court decisions showing that his history and characteristics all justify a probationary sentence. The government, the probation officer, and his counsel all join to recommend such a sentence to this court. This court should sentence Mr. Meisner according to the recommendation of the parties.

DATED this 31st day of May, 2022, at Anchorage, Alaska.

Steven M. Wells, PC
Attorneys for Defendant


By: /s/ Steven M. Wells .
Steven M. Wells
ABA #0010066

---

[7] Docket 17, ¶42.

CERTIFICATE OF SERVICE

I certify that on May 31, 2022,
I served a copy of the foregoing
Electronically on:

All Parties of Record


　　/s/ Steven M. Wells　　　.
Steven M. Wells, PC